IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 5:98cr36-RH

CORY FLUELLEN,

    Defendant.

_____/

# ORDER ESTABLISHING PROCEDURES ON A POSSIBLE
# SENTENCE REDUCTION UNDER AMENDMENT 782

The defendant Cory Fluellen has moved to reduce his sentence based on United States Sentencing Guidelines Amendment 782. This order sets out my preliminary analysis showing that Mr. Fluellen is eligible for a reduction, gives notice to both sides of information received from the probation officer on Mr. Fluellen's prison disciplinary record, and gives both sides an opportunity to be heard.

I

The Sentencing Guidelines establish a guideline range for each defendant. The range is based on the defendant's "total offense level" and "criminal history category." The total offense level is based on the defendant's "base offense level"

Case 5:98-cr-00036-RH   Document 459   Filed 08/22/15   Page 2 of 7

Page 2 of 7

with increases or decreases based on specific offense characteristics.  For drug offenses, the base offense level ordinarily turns on the type and quantity of drugs properly attributed to the defendant.  *See* U.S. Sentencing Guidelines Manual ("*Guidelines Manual*") § 2D1.1 (2014).

Amendment 782 became effective on November 1, 2014.  The amendment reduced the base offense level for most drug offenses.  This came after earlier amendments that also reduced the base offense level for most crack-cocaine offenses.  Amendment 706 became effective on November 1, 2007; Amendment 715 became effective on May 1, 2008; and Amendment 750 became effective on November 1, 2011.

II

When the Sentencing Commission adopts an amendment reducing a guideline range, the Commission has express statutory authority—indeed, it may even have a statutory duty—to determine whether and under what circumstances a court will be allowed to apply the amendment retroactively to a sentence imposed prior to the amendment's effective date.  The statute provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."  28 U.S.C. § 994(u).

When the Commission determines that an amendment may be applied retroactively, a court may reduce a sentence, but only under the circumstances and to the extent specified by the Commission. The court may act on its own motion or on motion of a defendant or the Bureau of Prisons. The statute that authorizes a sentence reduction provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The "applicable policy statements issued by the Sentencing Commission," within the meaning of § 3582(c)(2), are set out in *Guidelines Manual* § 1B1.10. As set out there, proceedings under § 3582(c)(2) "do not constitute a full resentencing of the defendant." *Guidelines Manual* § 1B1.10(a)(3). Reductions under § 3582(c)(2) thus may be—and most commonly have been—handled on written submissions, without a hearing.

### III

Acting under its § 994(u) authority, the Commission amended *Guidelines Manual* § 1B1.10 to include Amendment 782 in the list of retroactive amendments.

The change took effect on November 1, 2014. But the Commission provided that a sentence reduction under Amendment 782 cannot take effect until November 1, 2015.

The Guidelines impose explicit limits. First, a court must not reduce a sentence unless the amendment changed the defendant's guideline range. *See id.* § 1B1.10(a)(1). Second, the Guidelines limit the extent of any reduction. For a sentence within the original guideline range, a reduced sentence must not be below the low end of the amended guideline range. *See id.* § 1B1.10(b)(2)(A). For a sentence that was below the original guideline range as a result of a government motion indicating the defendant provided substantial assistance in the investigation or prosecution of others, a reduction to a sentence "comparably less than the amended guideline range . . . may be appropriate." *Id.* § 1B1.10(b)(2)(B). Finally, the reduced term of imprisonment must not be less than any applicable minimum mandatory sentence, *see id.* § 1B1.10, cmt. n.1(A), nor less than the time the defendant has already served, *see id.* § 1B1.10(b)(2)(C).

IV

Mr. Fluellen was sentenced on March 20, 2000. His total offense level was 40, the criminal history category was III, and the guideline range was 360 months to life. The minimum mandatory sentence was 10 years. The district judge who

was presiding over the case at that time sentenced Mr. Fluellen to 360 months, the low end of the guideline range.

Under Amendments 706 and 715, Mr. Fluellen's recalculated total offense level was 38, the criminal history category remained III, and the amended guideline range thus was 292 to 365 months. By order entered on April 24, 2008, the court reduced Mr. Fluellen's sentence to 292 months.

Under Amendment 750, Mr. Fluellen's recalculated total offense level was 36, the criminal history category remained III, and the amended guideline range was 235 to 293 months. By order entered on February 15, 2012, the court reduced Mr. Fluellen's sentence to 235 months.

Under Amendment 782, Mr. Fluellen's recalculated total offense level is 34, the criminal history category remains III, and the amended guideline range is 188 to 235 months. Amendment 782 would allow a reduction of Mr. Fluellen's sentence to not less than 188 months or time served.

V

Any reduction is discretionary. In deciding whether and how much to reduce a defendant's sentence (within the limits set out above), a court may consider the sentencing factors listed in 18 U.S.C. § 3553(a), the nature and seriousness of the danger that a reduction would pose to any person or the

community, and the defendant's post-sentencing conduct. *See Guidelines Manual* § 1B1.10 cmt. n.1(B).

The probation officer has provided a memorandum addressing Mr. Fluellen's extensive disciplinary record in the Bureau of Prisons. If accurately recounted in the memorandum, the disciplinary record would allow the court to deny any further sentence reduction. A copy of the probation officer's memorandum is attached to this order.

So that the issues may be properly considered,

IT IS ORDERED:

1. By September 21, 2015, the government may file a memorandum addressing the possible reduction of Mr. Fluellen's sentence. By the same date, the government may file materials in support of its position.

2. Also by September 21, 2015, Mr. Fluellen may file a memorandum and supporting materials addressing his prison disciplinary record or any other issue.

3. Mr. Fluellen's motion to reduce his sentence will be taken under advisement based on the record compiled as of September 21, 2015, and a ruling may—and probably will—be entered without a hearing.

4.        The clerk must provide a copy of this order to Mr. Fluellen himself by mail and to the attorneys of record and the Federal Public Defender through the electronic filing system.

SO ORDERED on August 22, 2015.

s/Robert L. Hinkle
United States District Judge
